Joseph A. Suozzi, J.
Upon the foregoing papers it is ordered that this motion by the plaintiff for a review of the taxation of defendants’ bill of costs and cross motion by the defendants for an order correcting the bill of costs taxed by the County Clerk by increasing the amount allowed as a disbursement under CPLR 8301 (subd [a], par 12) are disposed of as follows:
Disbursements must be allowed to a party to whom costs are awarded. (CPLR 8301, subd [a].) If costs are not awarded the court may, in its discretion, allow disbursements. (CPLR 8301, subd [c].) The discretion called for is the same as that exercised under CPLR 8101 when the court determines not to allow costs to a party in whose favor a judgment is entered. Accordingly, the question of allowance of costs will determine the defendants’ rights to disbursements, in all events.
The court assumes (1) that the defendants are parties in whose favor a judgment is entered, at least as to the first and second causes of action of the verified amended complaint; and (2) that the third cause of action, on which plaintiff entered *1059 judgment in her favor, is not substantially the same as the first and second causes of action. (See CPLR 8103.)
The court determines that to allow costs in this action would not be equitable under all the circumstances. (CPLR 8101.) Accordingly, the defendants are denied costs, and thus disbursements. Upon the trial this court found that the defendants had fraudulently concealed the true financial condition of the plaintiffs husband. The Appellate Division affirmed that finding of fraud, characterizing the proof of fraud as "overwhelming”. (Matthews v Schusheim, 42 AD2d 217, 221, affd 35 NY2d 686.) However, they denied relief to the plaintiff on her first two causes of action because reliance by the plaintiff was lacking.
Given the findings of fraud by both the trial and appellate courts, an award of costs to the defendants would be inequitable. Denial of costs based on defendants’ conduct is a proper exercise of the court’s discretion. (See Vroom v Ditmas, 4 Paige Ch 526, 535; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8101.21.) Plaintiffs recovery was defeated only by her own conduct in making an independent choice to accept her husband’s offer of settlement without regard to his ability to pay. (Matthews v Schusheim, supra.)
In addition, the court views the order of the Appellate Division dated July 16, 1973, modifying the judgment and, as so modified, affirming without costs, as disposing of the issue presented on these motions. While ordinarily a decision on appeal "without costs” refers to appellate costs, in this case that term would have to mean without costs on trial to any party. The trial court’s determination in favor of the plaintiff on all causes of action, and the dismissal of the defendants’ counterclaim, entitled the plaintiff to costs and disbursements. The modification, and affirmance of the judgment as modified without mentioning costs, would leave the judgment below stand on costs for both parties on the respective causes of action on which each of them prevailed. In view of the Appellate Division’s clear affirmance of this court’s finding of fraud, that result would be incongruous.
Accordingly, the only logical interpretation of the Appellate Division’s direction of no costs is no costs on appeal and trial to any party on the causes of action appealed from. To decide otherwise is to assume that the appellate court failed to review the entire record, or failed to recognize the problem implicit in the modification of the judgment. The plaintiffs *1060 motion for a review of the taxation of the bill of costs and for an order disallowing all of the items taxed by the clerk is granted, and the defendant’s cross motion is denied.